UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT JOHNSON,

     Plaintiff,

v.                               Case No. 3:23cv24695-LC-HTC

LIEUTENANT MOORE, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Johnson, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to his treatment at Santa Rosa Correctional Institution.  Doc. 8.  After reviewing the amended complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to truthfully disclose his litigation history.

## I.    LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.     FAILURE TO ACCURATELY DISCLOSE LITIGATION HISTORY

Section VIII.A. of the amended complaint form, for example, asks if Plaintiff has ever "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service" and directs Plaintiff to list and give details about such cases. Plaintiff checked, "No," and did not list any cases. Doc. 8 at 25. This answer is not truthful.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice that, as of December 19, 2023, when Plaintiff filed the amended complaint, *see id*. at 47, he had three cases which had been dismissed prior to service: (1) *Johnson v. Gulf Correctional Institution Annex*, 5:17-cv-00205-MCR-EMT (N.D. Fla.); *Johnson v. FDOC*, 0:20-cv-61885-WPD (S.D. Fla.); and *Johnson v. Thomas, et al.*, 8:23-cv-02436 (M.D. Fla.). Plaintiff also had one case which was dismissed for failure to state a claim: *Johnson v. Thomas, et al.*, 8:23-cv-01952 (M.D. Fla.). These four cases should clearly have been disclosed in Section VIII.A.

In addition to Section VIII.A., Section VIII.C. asks the following question: "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or**

*federal court* either challenging your conviction or relating to the conditions of your confinement?" Doc. 8 at 26. Plaintiff identified one state and five federal cases, including the ones discussed above.[1] *See* Doc. 8 at 26-28. Plaintiff, however, failed to identify the following three cases: (1) *Johnson v. FDOC*, 0:20-cv-61885-WPD (S.D. Fla.) (the habeas case mentioned above); *Johnson v. FDOC*, 20-14638 (11th Cir.), and *Johnson v. Massey*, 23-13051 (11th Cir.), appeal of *Johnson v. Massey Et Al*, 4:20-cv-00410-MAF (N.D. Fla.).[2]

Despite failing to truthfully disclose his litigation history, in Section IX of the amended complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 8 at 28. Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the amended complaint form that disclosure of all prior cases was required. The complaint form expressly

---

[1] Plaintiff disclosed those cases in response to Section VIII.C. However, he did not identify the reason for dismissal for two of the cases, requiring the Court to review those cases to see if Plaintiff had truthfully completed the form. And he admits that he voluntarily dismissed 5:17-cv-205-MCR-EMT, and that 8:23-cv-2436-KKM-AEP was dismissed for failure to comply with an order, which means Plaintiff knew those cases were dismissed prior to service.

[2] All of these non-disclosed cases contained Plaintiff's FDOC number, L10847.

warns prisoners: ***"[F]ailure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified."*** Doc. 8 at 24. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little

purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2.    That the clerk close the file.

At Pensacola, Florida, this 9th day of January, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.